**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

EDWARD CASTRO,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

          Plaintiff,

          v.

HEMPSTEAD POULTRY, LLC,
HEMPSTEAD POULTRY FARMS, INC., and
JORGE PEREZ,

          Defendants.

---

**Case No.: 2-22-cv-00671(MKB)(JMW)**

**<u>AFFIRMATION OF C.K. LEE</u>**

I, C.K. Lee, depose and state as follows:

1. I am a partner of Lee Litigation Group, PLLC, which represents EDWARD CASTRO ("Plaintiff"), in this matter.

2. This Court has subject matter jurisdiction over the action and has personal jurisdiction over Defendants. See Plaintiff's Complaint, ¶¶ 3-4 (Dkt. No. 1), attached hereto as <u>Exhibit A</u>.

3. On February 7, 2022, the undersigned, on Plaintiff's behalf, filed a Complaint for unpaid wages and other relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL") (Dkt. No. 1).

4. On February 9, 2022, Defendant HEMPSTEAD POULTRY, LLC was served with a copy of the Summons and Complaint through service upon the Secretary of State. See the Affidavit of Service (Dkt. No. 8), attached hereto as Exhibit B.

5. On February 11, 2022, Defendant JORGE PEREZ was served with a copy of the Summons and Complaint through a person of suitable age and discretion, HAELL [LNU], a co-worker at Defendant JORGE PEREZ's business located at 39 Newmans CT, Hempstead, NY 11550. See the Affidavit of Service (Dkt. No. 9), attached hereto as Exhibit C.

6. On March 10, 2022, Defendant HEMPSTEAD POULTRY FARMS, INC. was served with a copy of the Summons and Complaint through service upon the Secretary of State. See the Affidavit of Service (Dkt. No. 10), attached hereto as Exhibit D.

7. To date, Defendants HEMPSTEAD POULTRY, LLC, HEMPSTEAD POULTRY FARMS, INC., and JORGE PEREZ have not answered the Complaint, appeared, or otherwise, defended themselves.

8. On April 11, 2022, Plaintiff submitted a Request for Clerk's Certificate of Default (Dkt. No.11), and Affirmation of C.K. Lee, Esq. in Support. (Dkt. No. 12).

9. On April 14, 2022, a Clerk's Certificate of Default as to Defendants HEMPSTEAD POULTRY, LLC, HEMPSTEAD POULTRY FARMS, INC., and JORGE PEREZ was issued, (Dkt. No. 13), attached hereto as Exhibit E.

10. In or around November 24, 2019 to the present date, Plaintiff EDWARD CASTRO has been employed by Defendants as a chicken cutter for Defendants' business, located at 39 Newmans CT, Hempstead, NY, 11550. Plaintiff is currently employed by Defendants. Exhibit A, ¶ 16-17.

11. From the beginning of his employment through the present, Plaintiff's work schedule is: six (6) days a week, on Tuesdays through Saturdays, from 7:00 a.m. to 5:30 p.m., and on Sundays, from 7:00 a.m. to 4:00 p.m., approximately sixty-one and a half (61.5) hours per week. Id., ¶ 18.

12. Throughout his employment with Defendants, Plaintiff was compensated on a fixed salary basis. From the start of his employment, in November 2019, to June 2020, Plaintiff CASTRO was paid four-hundred and twenty ($420.00) dollars per week. From June 2020 to June, 2021, Plaintiff CASTRO was paid five hundred ($500.00) dollars per week. From August 2021 to the present, Plaintiff CASTRO has been paid six-hundred and fifty ($650.00) dollars per week. Plaintiff is paid in cash on a weekly basis. Class members were similarly paid on a fixed salary basis. Due to Defendants' policy of compensating Plaintiff on a fixed salary, at all relevant times, Plaintiff was not paid the statutory minimum wage, pursuant to the NYLL. Id., ¶ 19, 21.

13. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff for hours worked in excess of forty (40) hours due to the fact that Defendants have misclassified Plaintiff CASTRO as an exempt employee. This is, however, a misclassification. Id., ¶ 20.

14. Defendants were not entitled to classify Plaintiff CASTRO as an exempt employee because he does not fall into any of the exemption categories, under either the FLSA or the NYLL. Class members, similarly, are not exempt. Id., ¶ 22.

15. Additionally, throughout the duration of Plaintiff CASTRO's employment, Plaintiff CASTRO and Class members regularly worked shifts exceeding ten (10) hours in

duration, but Defendants have failed to pay Plaintiff CASTRO or Class members their spread of hours premiums for these shifts, as required by the NYLL. Id., ¶ 23.

16. Defendants failed to provide proper wage notices to Plaintiff, at the beginning of his employment and annually thereafter, pursuant to the requirements of the NYLL. Id., ¶ 24.

17. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Id., ¶ 25.

18. Plaintiff EDWARD CASTRO is entitled to full compensation of his unpaid wages in the amount of $75,615.85 to date, based on his hours worked, compensation paid, and employment period. Plaintiff CASTRO is additionally entitled to the New York State liquidated damages in the amount of $75,615.85, and statutory penalties in the amount of $10,000, representing penalties under The Wage Theft Prevention Act. Plaintiff CASTRO is therefore entitled to compensation of $161,231.70. Plaintiff's damage calculations are attached hereto as Exhibit F. Because Plaintiff continues to be employed by Defendants, his damages continue to accrue.

19. The proposed default judgment is attached hereto as Exhibit G.

20. No inquest is necessary because Plaintiff's reasonable approximation of his hours worked is the best evidence available here as Defendants have failed to participate in the case. Such approximation of hours worked by an employee is acceptable when there are no time records available. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Reich v. Southern New England Telecom. Corp.*, 121 F.3d 58 (2d Cir. 1997).

Dated: April 22, 2022

By:    */s/ C.K. Lee, Esq.*          
        C.K. Lee (CL 4086)
        LEE LITIGATION GROUP, PLLC
        148 West 24th Street, 8th Floor
        New York, NY 10011
        Tel: (212) 661-1008
        Fax: (212) 465-1181
        *Attorney for Plaintiff*