**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

EDWARD CASTRO,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,


      v.

HEMPSTEAD POULTRY, LLC,
HEMPSTEAD POULTRY FARMS, INC.,
JORGE PEREZ, SALEH MUFLEN,
and JAEL [LNU]


      Defendants.

---

Case No.: 22-cv-00671-MKB-JMW

**FIRST AMENDED**
**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**


**Jury Trial Demanded**

---

Plaintiffs EDWARD CASTRO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this First Amended Class and Collective Action Complaint against HEMPSTEAD POULTRY, LLC, HEMPSTEAD POULTRY FARMS, INC., ("Corporate Defendants"), JORGE PEREZ, SALEH MUFLEN, and JAEL [LNU] ("Individual Defendants" and together with the Corporate Defendants, "Defendants") and states as follows:

1

## INTRODUCTION

1.      Plaintiff EDWARD CASTRO alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wages due to misclassification of non-exempt workers as exempt, (2) unpaid minimum wages due to misclassification of a non-exempt worker as exempt, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff EDWARD CASTRO alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wages due to misclassification of non-exempt workers as exempt, (2) unpaid minimum wages due to misclassification of a non-exempt worker as exempt, (3) unpaid spread of hours premium, (4) liquidated damages, (5) statutory penalties, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Corporate Defendant is headquartered in this District and because the events giving rise to this action took place in this District.

## PARTIES

5.      Plaintiff EDWARD CASTRO is a resident of Suffolk County, New York.

6.      Defendants collectively own and operate Hempstead Poultry Farms, Inc. and Hempstead Poultry, LLC at a single location in Hempstead, New York.

2

7.    Corporate Defendant HEMPSTEAD POULTRY, LLC. is a domestic limited liability company organized under the laws of New York with a principal place of business and address for service of process at 39 Newmans CT, Hempstead, New York 11550.

8.    Corporate Defendant HEMPSTEAD POULTRY, FARMS, INC. is a domestic business corporation organized under the laws of New York with a principal place of business and address for service of process at 39 Newmans CT, Hempstead, New York 11550.

9.    Individual Defendants JORGE PEREZ, SALEH MUFLEN, and JAEL [LNU] are the owners of HEMPSTEAD POULTRY FARMS, INC., which operates HEMPSTEAD POULTRY, LLC.

10.   JORGE PEREZ exercised functional control over the business and financial operations Corporate Defendants. and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, JORGE PEREZ exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (v) otherwise affect the quality of employment. JORGE PEREZ had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class members.

11.   SALEH MUFLEN exercised functional control over the business and financial operations Corporate Defendants. and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, SALEH MUFLEN exercised his power to (and also delegated to

managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (v) otherwise affect the quality of employment. SALEH MUFLEN had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class members.

12.     JAEL [LNU] exercised functional control over the business and financial operations Corporate Defendants. and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, JAEL [LNU] exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (v) otherwise affect the quality of employment. JAEL [LNU] had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class members.

13.     At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14.     At all relevant times, Corporate Defendants employed at least fifteen (15) employees within the meaning of the FLSA and the NYLL.

15.     At all relevant times Defendants were Plaintiff's employer within the meaning of NYLL § § 2 and 651.

16.     At all relevant times, Plaintiff was Defendants' employee within the meaning of NYLL § § 2 and 651.

17.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

18.     Plaintiff EDWARD CASTRO has been employed by Defendants as a chicken cutter from in or about November 24, 2019, through the present. During the duration of Plaintiff CASTRO's employment, he has been paid at a fixed salary, and has been paid in cash on a weekly basis.

19.     As a chicken cutter, Plaintiff works at Defendants' Hempstead Poultry, LLC, located at 39 Newmans CT, Hempstead New York, 11550. Plaintiff CASTRO's duties are to slaughter chickens and cut them to size.

20.     During the entire duration of Plaintiff CASTRO's employment with Defendants, Plaintiff CASTRO has worked the same schedule. Plaintiff CASTRO works Tuesday – Saturday from 7:00 a.m. to 5:30 p.m., and on Sundays from 7:00 a.m. to 4:00 p.m., for a total of 61.5 hours per week.

21.     During the duration of Plaintiff CASTRO's employment his fixed salary varied. From the start of his employment in November 2019 to June 2020, Plaintiff CASTRO was paid $420 per week; from June 2020 to June 2021, Plaintiff CASTRO was paid $500 per week; from June 2021 to August 2021, Plaintiff CASTRO was paid $600 per week; and from August 2021 to the present, Plaintiff CASTRO has been paid $650 per week. Class members were similarly paid on a fixed salary basis.

22.     At no time during the duration of his employment has Plaintiff CASTRO been paid overtime wages for his hours worked over forty (40) in a workweek, because Defendants have classified him as exempt. This is a misclassification, however.

23.     Additionally, due to Defendants paying Plaintiff CASTRO on a fixed salary basis for all hours worked, Plaintiff CASTRO was not compensated at the required minimum wage for the hours he worked for Defendants. Also, there was no agreement by Plaintiff or Class members that any portion of this fixed salary covered overtime hours.

24.     Defendants were not entitled to classify Plaintiff CASTRO as an exempt worker because he does not fall into any of the exemption categories, under either FLSA or NYLL. Class members similarly are not exempt.

25.     Additionally, during the duration of Plaintiff CASTRO's employment, Plaintiff CASTRO and Class members regularly worked shifts exceeding ten (10) hours in duration, but Defendants have failed to pay Plaintiff CASTRO or Class members their spread of hours premiums for these shifts, as required by NYLL.

26.     Plaintiff CASTRO and Class members never received a wage and hour notice, at hiring or annually thereafter, in violation of NYLL.

27.     Plaintiff CASTRO and Class members never received any wage statements with their weekly cash wages.

28.     Additionally, had Defendants provided wage statements to Plaintiff or Class members, these would have been improper, since Defendants treated Plaintiff CASTRO and Class members as exempt workers when they were not exempt. Thus, the wages received by Plaintiff and Class members did not account for their overtime hours.

6

29.     From his discussions with co-workers, Plaintiff learned that many other employees of Defendants had also been misclassified as exempt, although they did not fall into any of the exemption categories, under either FLSA or NYLL. As a result of this misclassification, these other employees also did not receive all of their minimum wages and overtime compensation.

30.     Additionally, from discussions and interactions with co-workers, Plaintiff learned that many other employees also worked shifts lasting ten (10) hours or more in duration, but were not paid their spread of hours compensation, as a result of being misclassified as exempt employees.

31.     Defendants' violations of FLSA and NYLL were willful, as Defendants were perfectly aware that Plaintiff was not qualified as an exempt employee under either FLSA or NYLL.

### FLSA COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former fixed-salary employees (including, but not limited to, chicken cutters, chicken slaughterers, cashiers, cleaners, counter persons, and poultry preparers) employed by Defendants on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

33.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all wages owed due to a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

34.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS**

35.     Plaintiff brings claims under NYLL for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former fixed-salary employees (including, but not limited to, chicken cutters, chicken slaughterers, cashiers, cleaners, counter persons, and poultry preparers) employed by Defendant on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class members").

36.     At all relevant times, Plaintiff and Class members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure to pay all wages owed due to a policy of time shaving.

37.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

8

38. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class Members in the Class.

39. Plaintiff's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages because of a policy of misclassifying employees as exempt, in violation of NYLL.

40. Defendants failed to provide proper wage notices and failed to provide proper wage statements to Class members in violation of the NYLL.

41. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

42. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a

corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

44.     Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

45.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d)  Whether Defendants paid Plaintiff and Class Members overtime wages for all overtime hours worked;

e)  Whether Defendants wrongly treated Plaintiff and Class members as exempt;

f)  Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the NYLL; and

g)  Whether Defendants provided proper wage notices to Plaintiff and Class members per requirements of the NYLL.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

46.     Plaintiff realleges and incorporates all the foregoing paragraphs of this First Amended Class and Collective Action Complaint as if fully set forth herein.

47.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

11

49.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.

50.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for all overtime hours worked, in violation of the FLSA.

51.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52.     Defendants showed a willful disregard for the provisions of the FLSA as evidenced by their willful failure to compensate Plaintiff and FLSA Collective Plaintiffs for overtime work.

53.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

54.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

55.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount to be determined at trial, plus an equal amount as liquidated damages.

56.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

57.     Plaintiff realleges and incorporates all the foregoing paragraphs of this First Amended Class and Collective Action Complaint as if fully set forth herein.

58.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

59.     Defendants knowingly and willfully failed to pay Plaintiff and Class members for their overtime work due to a policy of misclassifying them as exempt, in violation of NYLL.

60.     Defendants knowingly and willfully failed to pay Plaintiff and Class members their spread of hours premiums for shifts lasting longer than ten (10) hours in duration due to a policy of misclassifying them as exempt, in violation of NYLL.

61.     Defendants knowingly and willfully failed to provide Plaintiff and Class members with proper wage statements as required under the NYLL.

62.     Defendants knowingly and willfully failed to provide Plaintiff and Class members with proper wage and hour notices as required under the NYLL.

63.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

13

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and NYLL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representative of the Class; and

j. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 11, 2023    Respectfully submitted,

           LEE LITIGATION GROUP, PLLC

By:  _/s/ C.K. Lee_

           C.K. Lee, Esq. (CL4086)
           148 West 24th Street, Eighth Floor
           New York, NY 10011
           Tel.: (212) 465-1188
           Fax: (212) 465-1181
           *Attorneys for Plaintiff,*
           *FLSA Collective, Plaintiffs,*
           *and the Class*